IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER ALLEN, et al. | ) | |
| | ) | |
| | ) | Civ. No. 10-232-SLR |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOUNTAIRE FARMS, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this day of March, 2011, having considered defendant's motion to dismiss for failure to state a claim;

IT IS ORDERED that said motion (D.I. 5) is denied, as follows:

1. **Background.** Defendant Mountaire Farms, Inc. ("defendant") operates a poultry plant in Millsboro, Delaware. (D.I. 5) Plaintiff Christopher Allen and others ("plaintiffs") are or were employed by defendant as chicken catchers at the plant. (*Id.*) Plaintiffs were paid by "piece rate," a rate dependant on how many catchers were in the crew.[1] (*Id.*) If the catchers did not work overtime (over 40 hours per week), they were paid solely by the piece rate. (*Id.*) If the catchers worked overtime, defendant paid an overtime premium in addition to the piece rate. (*Id.*) The premium was designed to represent the number of chickens caught per hour. (*Id.*) It was computed by dividing

---

[1] For each thousand chickens caught by the crew, each member received the assigned rate. (D.I. 5) The current rate is $3.88 per thousand chickens for a seven-member crew, and $4.53 per thousand chickens for a six-member crew. (*Id.*)

the number of chickens caught by the crew by the number of hours worked in the week. (*Id.*) For each hour in excess of 40, half the chickens-per-hour figure was multiplied by the piece rate to arrive at an overtime premium. (*Id.*) The overtime premium, combined with the piece rate earnings, represented each catcher's gross pay per week. (*Id.*)

2. In January 2010, plaintiffs notified defendant that they were not paid an overtime premium, despite such hours being reported to the payroll system. (*Id.*) On February 2, 2010, defendant's counsel sent plaintiffs' counsel a letter describing how the overtime was computed with examples of the documents involved. (*Id.*) Unsatisfied with this, plaintiffs filed an action for the alleged unpaid overtime premiums on March 22, 2010. (*Id.*) On May 12, 2010, plaintiffs filed an amended complaint averring that defendant: (1) failed to take plaintiffs' overtime hours into account in computing their pay; (2) improperly deducted the meal break from plaintiffs' hours worked for purposes of computing overtime; (3) retaliated against plaintiffs by reassigning work to independent catching crews; and (4) retaliated against plaintiffs by having them work four or more hours straight without a meal break. (*Id.*)

3. The parties met on June 15, 2010, at which time defendant made a presentation showing how catchers' payroll was processed in 2009 when plaintiffs did not earn any overtime, and in 2008 when plaintiffs earned overtime. (*Id.*, ex. 2) Defendant also gave plaintiffs folders containing certain payroll documents. (*Id.*) Settlement was not achieved by the parties at the meeting, and defendant filed the motion that is currently before this court. (*Id.*)

4. **Legal Standard**. In reviewing a motion filed under Federal Rule of Civil

Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

    5. **Discussion**. Defendant moves to dismiss plaintiffs' claim that they were not

3

paid a premium on the overtime hours that were reported to defendant's payroll system on the basis that plaintiffs have failed to plead a factual basis for their claim. (D.I. 5) In the alternative, defendant denies owing plaintiffs any overtime premiums, asserting that the June 15, 2010 presentation correctly conveys that plaintiffs were paid the proper amount in accordance with the hours that they worked.[2] (*Id.*)

6. Plaintiffs' allegations regarding the lack of overtime pay are as follows:

> 41. On average, plaintiffs work/worked three (3) overtime hours per day, fifteen (15) overtime hours per week, if not more, in excess of forty (40) hours without any overtime compensation from defendant whatsoever.
>
> 42. Plaintiffs worked in excess of forty (40) hours continually in various work weeks throughout the previous three (3) years, and they continue to work in excess of forty (40) hours in various work weeks and will likely continue to do so hereafter, without receiving the proper amount of overtime pay.

(D.I. 6)

7. The above allegations, taken as true, are sufficient to meet the heightened pleading standard set forth in *Twombly* and *Iqbal*. There is a dispute in the case at bar over fundamental factual issues, namely, whether plaintiffs actually worked overtime hours for which payment is owed. (D.I. 6) Such a dispute is not properly before this court on a motion to dismiss, and it is not appropriate for the court, at this stage of the proceedings, to review the papers submitted by defendant in connection with the motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.

---

[2] Defendant alleged in its motion to dismiss that plaintiffs' cause of action should be dismissed because plaintiffs failed to file the necessary consents to participate from each employee who was a party to the action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). (D.I. 5) Defendant has since acknowledged that this argument is moot, as all plaintiffs who filed consents to participate on July 7, 2010 and July 13, 2010 are in compliance with 29 U.S.C. § 216(b). (D.I. 10)

4

2009) (stating that district courts should conduct a two-part analysis when presented with a motion to dismiss: first, separating the factual and legal elements of the claim, accepting the well-pleaded facts as true and disregarding any legal conclusions and second, determining whether the facts alleged are sufficient to show plaintiff has a "plausible claim for relief" (quoting *Iqbal*, 129 S.Ct. at 1950)); *Retzlaff v. Horace Man Ins.*, 738 F. Supp. 2d 564, 569 (D. Del. 2010) (stating that the purpose of a motion to dismiss is to test the sufficiency of the complaint and to determine whether plaintiffs are entitled to offer evidence in support of their claim). Defendant may not test whether a genuine issue of fact exists until plaintiffs have had a reasonable opportunity to obtain discovery regarding their plausible factual assertions. See *Iqbal*, 129 S. Ct. at 1949.

9. The court, at the scheduling conference, will focus discovery and endeavor to reach the merits as fairly and efficiently as possible. If defendant is proven correct, in that its presentation made prior to this action being filed is accurate and plaintiffs have no cause of action, then Federal Rule of Civil Procedure 11 may be employed as appropriate.

10. **Conclusion**. For the reasons stated, defendant's motion to dismiss is denied.

United States District Judge

5